W. R. MAUPIN *v.* EDGAR THOMPSON.

**Landlord and Tenant—Lease—Holding Over—Reasonable Rent.**
    In the absence of a special agreement as to rent to be paid by a tenant, holding over after the expiration of his lease, he will be required to pay same rent as under the lease.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

July 7, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

There is no sufficient legal reason shown to set aside the consent decree rendered in the case. Nor is there a preponderance of the evidence against the allowance for the rent of the land by Thompson from Maupin. It is proved that by special agreement between the parties after the agreed lease had expired, that Thompson was to hold over and pay a reasonable rent for the time he should enjoy the premises, but for this agreement the holding over would have been at no lower rates than the lease, but the amount of the rent must be established by proof and we cannot say the court erred as to the weight of the evidence. Wherefore both judgments are *affirmed* with damages on the last judgment.

It may be that Maupin paid the $200 credited to Carter as of November 21, 1864, in the consent decree and if so this was left out in the same decree adjusting the credits between Maupin and Carter but as neither the petition nor amended petition for a review goes for this or any other mistake we cannot consider it but the same must be recovered in the appropriate action for money had and received or other appropriate action. Petition overruled.

*Turner, Tenney, for appellee.*